IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Jacqueline A. Steele, Next of Kin of Michael L. Steele, Deceased,<br>                                    Plaintiff,<br>-vs-<br><br>(1) OKLAHOMA DEPARTMENTOF CORRECTIONS; (2)ROBERT PATTON, DOC Director, individually and his official capacity; (3) KAMERON HARVANEK, Warden of Mack Alford Correctional Center, individually and his official capacity; (4) JIM FARRIS, Warden of Lexington Assessment & Reception Center, individually and his official capacity; (5) JUSTIN JONES, Predecessor DOC Director, individually and his official capacity; (6) Unknown Employees of DOC; individually and officially;  (7) Unknown Case Managers of DOC, individually and officially, (8) Unknown Physicians and Medical Staff,<br><br>                                    Defendants. | Case No:  CIV-15-1238-L |

## **COMPLAINT**

**COMES NOW** the Plaintiff, Jacqueline A. Steele, Next of Kin of Michael L. Steele, Deceased, by and through her undersigned counsel of record and files this Complaint against the above-named Defendants. In support thereof she shows this honorable Court as follows:

1)      This is an action by the Plaintiff, Jacqueline A. Steele ("Plaintiff") against the State of Oklahoma ex rel., Oklahoma Department of Corrections (DOC); Robert Patton, Director of the DOC; Justin Jones, Predecessor Director of the DOC; Unknown Case Managers at both Lexington Assessment & Reception Center and Mack Alford Correctional Centers during all relevant time periods;  KAMERON HARVANEK, Warden of Mack Alford Correctional Center; JIM FARRIS, Warden

of Lexington Assessment & Reception Center; all unknown employees of DOC of both facilities as stated above; and all unknown Physicians and medical staff. This action arose from the deliberate indifference of Defendants in failing to provide Mr. Steele adequate medical care despite his repeated requests, obvious continuing distress, and his consistently reported symptoms during the time period when he was an inmate at both Lexington Assessment & Reception Center and Mack Alford Correctional Center.

(2) Those symptoms were clearly indicative of the condition from which he ultimately died, namely Lymphoblastic Leukemia/Lymphoma (a form of cancer.)

(3) The Plaintiff's causes of action are based upon the Defendants' denial of Mr. Steele's federal constitutional rights under the Eighth and Fourteenth Amendment to the United States Constitution while acting under color of state law which is made actionable under the provisions of Title 42 U.S.C. § 1983. The action is also based on his state law claim that the actions described represented Negligence.

(4) Mr. Steele was deprived of his rights secured under the United States Constitution and the Oklahoma Declaration of Rights by the above-captioned Defendants, all of whom were at all times relevant hereto Department of Corrections officers and employees.

## PARTIES

(5) At all times relevant herein, the deceased, Michael Steele, was an inmate at Mack Alford Correctional Center, 1151 North Highway 69, Stringtown, Oklahoma 74569, and at the time of his death on November 5, 2013, he was housed at Lexington Assessment & Reception Center, located in Lexington, Oklahoma.

(6) At all times pertinent and relevant hereto, Robert Patton, was Director of the DOC and Justin Jones was the Predecessor Director of the DOC.

(7) At all times pertinent and relevant hereto, KAMERON HARVANEK was Warden of Mack Alford Correctional Center and JIM FARRIS was Warden of Lexington Assessment & Reception Center.

## JURISDICTION

(8) This action arises under the United States Constitution, particularly under the provisions of the Eighth and Fourteenth Amendments, and under federal law, particularly 42 U.S.C. § 1983 of the Civil Rights Act.

(9) This Court has jurisdiction over this case pursuant to 28 U.S. C. § 1331 which gives this Court original jurisdiction over civil actions arising under the federal laws and federal constitution, and pursuant to 28 U.S.C. § 1343(a)(3)-(4), which gives this Court original jurisdiction over civil actions to redress the deprivation, under color of state law, statute, ordinance, regulation, custom or usage, of any federal constitutional right or any right secured by federal statutes including 42 U.S.C. § 1983. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

(10) Venue is proper in the Western District of Oklahoma, as the acts and transactions complained of herein all occurred within the district.

## FACTS

(11) At all pertinent times relevant herein, the Deceased, Michael Steele, was a male inmate housed in Warden of Mack Alford Correctional Center and was later transferred to the Lexington Assessment & Reception Center.

(12)   During these periods, in approximately December of 2012, Mr. Steele repeatedly complained of a small knot on the back of his head. Each time he requested medical attention, the same was ignored and denied. Over time, the knot became the size of a tennis ball and caused him constant and severe pain.

(13)   Leading up to September 2013, notwithstanding his repeated requests for medical attention and the submission of written medical requests, medical treatment was not provided.

(14)   On October 27, 2013, Mr. Steele was disciplined for having contraband in his cell. He and another cell mate where placed in isolation for several days. Mr. Steele was not released from the isolation tank until November 4, 2013. During the entire period he was not provided medical treatment for the large and painful knot that still remained on his head.

(15)   When Mr. Steele was released from the isolation tank, his cellmate, Calvin Scott, noticed that he was very weak and had lost a substantial amount of weight. Therefore, on that same day, he placed Mr. Steele in a wheel chair and escorted him to the medical unit for treatment. When he arrived with Mr. Steele, he was told by medical staff "there's nothing wrong with him take him back to his cell."

(16)   The other cellmate, Calvin Scott, did as he was instructed by the medical staff; a few hours later Mr. Steele died.

## CAUSES OF ACTION

## DENIAL OF DUE PROCESS RIGHT TO ADEQUATE MEDICAL CARE

Plaintiff hereby realleges and incorporates by reference the allegations complained with in paragraphs I through 16 of this complaint.

(17) While incarcerated in defendants' custody, Michael Steele had a constitutional right under the substantive due process clause of the Fourteenth Amendment to the United States Constitution to have his basic human needs met, including the right to receive adequate medical care. Deliberate indifference to an inmate's serious medical needs constitutes a violation of Michael Steele's Fourteenth Amendment rights.

(18) Michael Steele's constitutional right to receive adequate medical care was clearly established.

(19) Defendants' behavior far surpassed "mere negligence." Defendants willfully denied Michael Steele adequate medical care, and were deliberately indifferent to his medical needs. Their deliberate indifference evinces both an adamantine and deeply ingrained institutional bias of very long standing against crediting the serious health complaints of Oklahoma prisoners.

(20) Michael Steele had objective and serious medical needs and it was obvious that he required immediate emergency medical attention. Furthermore, Defendants knew of and disregarded a substantial risk of serious harm to his health and safety. Defendants' acts and/or omissions in response to Michael Steele's medical needs were so grossly incompetent and inadequate as to shock the conscience.

(21) As a direct and proximate result of defendants ' acts and/or omissions, as described herein , Defendants, hereinabove-named , while acting under color of state law, deprived Michael Steele of his federal constitutional right to receive

adequate medical care in violation of the Fourteenth Amendment 42 U.S.C. § 1983.

(22)   As a further direct and proximate result of Defendants acts and/or omissions. as described herein.  Michael Steele suffered violations of his rights, privileges and immunities under the Constitution of the United States and suffered excruciating pain and suffering, all to his damage in an amount in excess of Seventy Five Thousand Dollars ($75.000), and his heirs and next-of-kin, have suffered a permanent and substantial personal and pecuniary loss, including the deprivation of his advice, counsel, com fort, protection, support and companionship of the decedent, and have incurred medical, funeral, and burial expenses and damages in a sum in excess of Seventy Five Thousand Dollars ($75,000).

(23)   The defendants, and each of them have in regard to this matter exhibited a willful and deliberate disregard for the rights and safety of Mr. Steele. Accordingly, plaintiff is entitled to punitive damages against all of the individual and corporate defendants in an amount in excess of $75,000.00.

## CAUSES OF ACTION

## CRUEL AND UNUSUAL PUNISHMENT

(24)   Plaintiff hereby realizes and incorporates by reference the allegations complained of in paragraph  1  through 23 of the Complaint.

(25)   Mr. Steele had a right under the Eighth Amendment to the United States Constitution to be free from any cruel and unusual punishment. The Defendants violated Mr. Steele's right under the Eighth Amendment to be free from cruel and unusual punishment by their above-described actions consisting of their deliberate indifference to his serious medical needs and by subjecting him to conditions that

caused him extreme pain and suffering and compounded his medical problems so as to cause his death.

(26) Mr. Steele's constitutional right not to be subjected to cruel and unusual punishment under these circumstances was clearly established.

(27) As a direct and proximate result of defendants' acts and/or omissions, as described herein, Defendants, hereinabove-named, while acting under color of state law, deprived Mr. Steele of his federal constitutional right in violation of the Eighth Amendment, 42 U.S.C. § 1983.

(28) As a further direct and proximate result of Defendants' acts and/or omissions, as described herein, Mr. Steele suffered violations of his rights, privileges and immunities under the Constitution of the United States and suffered excruciating pain and suffering, all to his damage in an amount in excess of Seventy Five Thousand Dollars ($75,000), and his heirs and next-of-kin, have suffered a permanent and substantial personal and pecuniary loss, including the deprivation of his advice, counsel, comfort, protection, support and companionship of the decedent, and have incurred medical, funeral and burial expenses all to their general damage in a sum in excess of Seventy Five Thousand Dollars ($75,000).

29) The defendants, and each of them, have in regard to this matter exhibited a willful and deliberate disregard for the rights and safety of Mr. Steele. Accordingly, plaintiff is entitled to punitive damages against all of the individual and corporate defendants in an amount in excess of Seventy Five Thousand Dollars ($75,000).

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, jointly and severally, as follows:

A. Finding that defendants, and each of them, committed acts and omissions that constituted violations of the Eighth and Fourteenth Amendments to the United States Constitution, actionable under 42 U.S.C. §1983;

B. Awarding judgment in favor of plaintiff against the defendants and each of them jointly and severally in an amount in excess of $75,000.00 as and for compensatory damages;

C. Awarding judgment in favor of plaintiff against the defendants and each of them jointly and severally in an amount in excess of $75,000.00 as and for punitive damages;

D. Awarding plaintiff all applicable pre-judgment and post-judgment interest;

E. Awarding plaintiff attorneys fees and costs, pursuant to 42 U.S.C. § 198

Respectfully submitted,

s/Cynthia Rowe D'Antonio
Cynthia Rowe D'Antonio, OBA #19652
GREEN JOHNSON MUMINA & D'ANTONIO
400 North Walker Avenue, Suite 100
Oklahoma City, OK 73102
405-488-3800: Telephone
405-488-3802: Facsimile
ATTORNEYS FOR PLAINTIFF

JURY TRIAL REQUESTED