IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JACQUELINE A. STEELE, as Next-of-Kin of MICHAEL L. STEELE, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-15-1238-D |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, et al.,[1] | ) ) ) ) | |
| Defendant. | ) | |

# ORDER

Plaintiff is next-of-kin of Michael Steele, deceased, who, at all times relevant to this action, was incarcerated at the Mack Alford Correctional Center (MACC) and Lexington Assessment and Reception Center (LARC), both located in Oklahoma. She has sued the Oklahoma Department of Corrections (ODOC), Robert Patton (Director of ODOC during Mr. Steele's incarceration); Justin Jones (Mr. Patton's predecessor); Kameron Harvanek (Warden of MACC during Mr. Steele's incarceration); Jim Ferris (Warden of LARC during Mr. Steele's incarceration); and several John and Jane Doe medical staff, medical providers and case managers at

---

[1] Plaintiff's Complaint is asserted against various officials and employees of the Oklahoma Department of Corrections (ODOC). Although ODOC is omitted from the caption of the Complaint, paragraph one of the Complaint alleges that Plaintiff's action includes ODOC.

both facilities. Plaintiff alleges Defendants were indifferent to Mr. Steele's medical condition, which resulted in his death. Before the Court is Defendant's Partial Motion to Dismiss [Doc. No. 27], to which Plaintiff has filed her response [Doc. No. 29]. Defendants have replied [Doc. No. 30] and the matter is fully briefed and at issue.

Defendants' motion contends Plaintiff's Complaint should be dismissed for five reasons: (1) Defendants, in their official capacities, have Eleventh Amendment immunity; (2) Plaintiff has failed to state a plausible claim for relief under 42 U.S.C. § 1983; (3) Plaintiff's negligence claims are barred by the Oklahoma Governmental Tort Claims Act (OGTCA); (4) Under the OGTCA, the individual defendants cannot be held liable for acts performed within their scope of employment; and (5) The individual defendants have qualified immunity. Defendants also contend that punitive damages are not available under §1983. Plaintiff does not object to dismissal of all claims against ODOC and the individual defendants in their official capacities; she neither objects to dismissal of her negligence claims under the OGTCA. *See* Pl. Resp. at 2, 6. Accordingly, this order addresses only the issues of whether (1) Plaintiff has stated a claim upon which relief can be granted under §1983

against Defendants individually and (2) whether Defendants are entitled to qualified immunity.[2]

## BACKGROUND

The following facts are taken from the Second Amended Complaint and viewed in the light most favorable to Plaintiff. *Ute Indian Tribe of the Uintah v. Myton*, 835 F.3d 1255, 1261 (10th Cir. 2016). During his incarceration at MACC and LARC, Mr. Steele complained of a small knot on the back of his head. His complaints were ignored. The knot eventually grew to the size of a tennis ball and caused him constant and severe pain.

Mr. Steele was subsequently disciplined for having contraband in his cell. He and another cellmate were placed in isolation for several days. During his period in isolation, Mr. Steele was not treated for the knot on the back of his head. After his release from isolation, Mr. Steele's cellmate noticed that he was very weak and had lost weight. He placed Mr. Steele in a wheelchair and attempted to escort him to the LARC medical unit for treatment. When he arrived at the unit, the medical staff told him that there was nothing wrong with Mr. Steele and to take him back to his cell.

---

[2] A motion to dismiss is not the proper vehicle for the dismissal of a prayer for relief, which is not part of the cause of action. *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1220 (W.D. Okla. 2012) ("[W]hether [punitive] damages are recoverable is not a proper subject for adjudication in a Rule 12(b)(6) motion, as the prayer for relief is not a part of the cause of action.") (citing *Hardeman v. Stewart*, 195 F. App'x 706, 707 (10th Cir. 2006) (unpublished)). Accordingly, the Court denies Defendants' motion on this ground.

Pursuant to the staff's instructions, Mr. Steele was returned to his cell, where he died a few hours later. Plaintiff alleges Mr. Steele was diagnosed has having Lymphoblastic Leukemia/Lymphoma and the prisons' respective medical staffs ignored his obvious symptoms. She asserts claims for denial of due process under the Fourteenth Amendment to the U.S. Constitution and violations of the Eighth Amendment's prohibition against cruel and unusual punishment.

## STANDARD OF DECISION

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the Tenth Circuit has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th

Cir. 2012) (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

The Tenth Circuit has further noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id.* (quoting *Robbins*, 519 F.3d at 1248). "Thus … the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.' " *Id.* (quoting *Robbins*, 519 F.3d at 1247). Accordingly, in deciding *Twombly* and *Iqbal*, there remains no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik*, 671 F.3d at 1191 (citing *Iqbal*, 556 U.S. at 678).

It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *see also al–Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) ("*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden."). Lastly, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."

5

*Khalik*, 671 F.3d at 1191 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)).

## DISCUSSION

The Supreme Court first recognized claims for deliberate indifference to a prisoner's medical needs in *Estelle v. Gamble*, 429 U.S. 97 (1976). There, the Court held prison officials violate the Eighth Amendment's ban on cruel and unusual punishment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Id.* at 104 (internal citation and quotation marks omitted). *Id.* at 105, 106. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Court clarified the standards applicable to deliberate indifference claims. It set forth a two-pronged inquiry, comprised of an objective and subjective component. Under the objective inquiry, the alleged deprivation must be "sufficiently serious" to constitute a deprivation of constitutional dimension. *Id.* at 834. Under the subjective inquiry, the prison official must have a "sufficiently culpable state of mind." *Id.* This means a prison official cannot be liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

The subjective component is akin to "recklessness in the criminal law," where, to act recklessly, a "person must 'consciously disregard' a substantial risk of serious harm." *Id*. at 837, 839 (citation omitted). Whether a prison official had the requisite knowledge of a substantial risk is a question of fact. *Id*. at 842. The fact that a serious medical need was "obvious" could be evidence of deliberate indifference, although a "prison official may show that the obvious escaped him" and avoid liability. *Id*. at 843 n. 8. The Tenth Circuit has recognized two types of conduct that may constitute deliberate indifference in a prison medical case: (1) a medical professional failing to treat a serious medical condition properly; and (2) a prison official preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmate's condition. *See Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000).

The Court concludes Plaintiff has sufficiently alleged the objective component. Plaintiff repeatedly claimed of a painful knot in the back of his head that eventually grew to the size of a tennis ball. Under the subjective component, Plaintiff "must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009). To this end, Plaintiff has sufficiently

7

alleged that prison staff knew of and disregarded Mr. Steele's substantial risk of harm. Again, Mr. Steele repeatedly complained of a painful knot growing on the back of his head. Mr. Steele began to exhibit severe weakness and weight loss. In examining a motion to dismiss, the Court accepts the allegations of the complaint as true and construes those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Based on this standard, the Court concludes Plaintiff has sufficiently alleged facts at this stage to state a claim of deliberate indifference.

Defendants Patton, Harvanek, Jones, and Farris contend they are entitled to qualified immunity. Qualified immunity protects public officials performing discretionary functions unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity leaves "ample room for mistaken judgments," protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Thus, "[p]ublic officials whose mistaken judgments result from unsettled law, faulty information, or exigent circumstances may thus be entitled to qualified immunity." *Hall v. Burke*, 12 F. App'x 856, 859 (10th Cir. 2001) (citing *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992)).

After a defendant invokes qualified immunity, the plaintiff must demonstrate that the defendant's actions violated a specific constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the plaintiff fails to meet her burden on this threshold inquiry, the qualified immunity inquiry comes to an end. *Id*. If the plaintiff meets this initial burden, she must then show that the constitutional right was "clearly established" prior to the challenged action. *Id*. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001) (internal quotations omitted).

On this issue, the Court finds Plaintiff has failed to show the aforementioned defendants violated Mr. Steele's constitutional rights. She does not assert that defendants knew of Mr. Steele's medical condition or the failure to adequately diagnose and treat the condition. Rather, Plaintiff's claims against these defendants appear to be based solely on their status as supervisors, which is insufficient to find a constitutional deprivation. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 n. 8 (10th Cir. 2010) ("A supervisor's liability under § 1983 must be predicated on the supervisor's deliberate indifference and a plaintiff must show that an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.")

(citation omitted). Although Plaintiff also asserts such deprivation arose from active policies implemented by defendants,[3] she does so in conclusory fashion without any supporting facts. *See Twombly*, 550 U.S. at 555-56, 570 (formulaic recitation of elements or conclusions is insufficient to state a claim). Accordingly, the Court finds Defendants are entitled to qualified immunity.

## CONCLUSION

Defendants' Motion to Dismiss [Doc. No. 27] is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

**IT IS SO ORDERED** this 31st day of March, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] "Supervisory liability exists even without personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Dodds*, 614 F.3d at 1199 n. 8 (citation omitted).