# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JACQUELINE STEELE, as Next Kin of MICHAEL STEELE, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-15-1238-D |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Defendants Oklahoma Department of Corrections (ODOC), Kameron Harvanek (individually and in his official capacity as Warden of Mack Alford Correctional Center), Jim Farris (individually and in his official capacity as Warden of Lexington Assessment and Reception Center), and Justin Jones (individually and in his official capacity as prior Director of ODOC), collectively move to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. [Doc. No. 36]. Plaintiff has filed her response [Doc. No. 38] and Defendants have replied [Doc. No. 39]. The matter is fully briefed and at issue.

Plaintiff Jacqueline Steele is next-of-kin of Michael Steele, who an inmate at the Mack Alford Correctional Center (MACC) and Lexington Assessment and

Reception Center (LARC). She brought the present suit, alleging Defendants and other unnamed ODOC staff (identified as John and Jane Does) were indifferent to Mr. Steele's medical condition, resulting in his death. In examining Plaintiff's Complaint,[1] the Court found that Plaintiff had plausibly stated a claim for deliberate indifference to Mr. Steele's medical needs under 42 U.S.C. §1983; however, the named individual defendants were entitled to qualified immunity because Plaintiff failed to properly allege how said defendants violated Mr. Steele's constitutional rights [Doc. No. 35].[2]

As a result of the Court's Order, the only remaining "parties" were the unnamed John and Jane Doe defendants. Plaintiff has not sought leave to file an amended complaint, and Defendants accordingly move for dismissal and an entry of judgment on the grounds that Plaintiff has not served the John and Jane Doe defendants in a timely fashion. In response, Plaintiff contends that further discovery is necessary to ascertain the proper defendants and requests that this Court set a Rule 26(f) conference.

---

[1] After the filing of her initial complaint [Doc. No. 1], Plaintiff filed two subsequent amended complaints [Doc. Nos. 2, 23].

[2] Plaintiff did not object to dismissal of all claims against ODOC and the individual defendants in their official capacities; nor did she object to dismissal of her negligence claims under the Oklahoma Governmental Tort Claims Act. Therefore, the only contested issues were whether Plaintiff had stated a claim upon which relief can be granted under §1983 and whether Defendants were entitled to qualified immunity.

Plaintiff is required to serve each Defendant with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). If service is not made within 90 days after filing of the complaint, the Court may dismiss the action against an unserved defendant without prejudice. Fed. R. Civ. P. 4(m). Here, over a year and a half has passed since Plaintiff filed her amended complaint, and service upon the John and Jane Doe Defendants has not been completed. The Court is mindful of Plaintiff's stated reasons for her failure, but finds these reasons unpersuasive in light of the extensive period of time that has passed. Accordingly, Plaintiff's failure to complete proper service on the John and Jane Doe Defendants within the time limits prescribed by Rule 4(m) is grounds for dismissal of her claims against them.

Nonetheless, as stated in the aforementioned Order, the complaint has stated a *plausible* claim for relief for deliberate indifference to medical needs. Thus, dismissal of this action is without prejudice to Plaintiff's right to file an amended complaint and issue timely service of process.

Accordingly, Defendant's Motion to Dismiss [Doc. No. 36] is **GRANTED** as set forth herein. Plaintiff shall file an amended complaint within **thirty (30) days** of this Order or seek an extension of time to do so.

**IT IS SO ORDERED** this 31st day of January 2018.

                                                            TIMOTHY D. DeGIUSTI
                                                            UNITED STATES DISTRICT JUDGE