# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELINE STEELE, as Next Kin of MICHAEL STEELE, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>1. DR. ROSS LANE FISHER, M.D., Oklahoma Department of Corrections Physicians and Medical Staff, individually;<br>2. DR. JOEL BRENT MCCURDY, M.D., Oklahoma Department of Corrections Physicians and Medical Staff, individually;<br>3. DR. MICHAEL SHAWN HOUSTON, M.D., Oklahoma Department of Corrections Physicians and Medical Staff, individually;<br>4. CARL BRADLEY "BRAD" JOHNSTON, III, P.A., Oklahoma Department of Corrections Physicians and Medical Staff, individually;<br>5. John and Jane Doe Employees I-X of DOC; individually<br>6. John and Jane Doe Physicians and Medical Staff I-X,<br><br>    Defendants. | Case No. CIV-15-1238-D |

## ORDER

Before the Court are Defendants Dr. Ross Lane Fisher and Dr. Joel Brent McCurdy's Motion to Dismiss [Doc. No. 57], and Defendants Carl Bradley

Johnston, II, and Dr. Michael Shawn Houston's Motion to Dismiss [Doc. No. 61].[1] Plaintiff has filed timely responses [Doc. No. 58] and [Doc. No. 65].[2] Defendants have replied [Doc. Nos. 59 and 66]. The matter is fully briefed and at issue.

## BACKGROUND[3]

Plaintiff is next-of-kin of Michael Steele, deceased, who, at all times relevant to this action, was incarcerated at the Lexington Assessment and Reception Center ("LARC"). Mr. Steele was diagnosed with lymphoma in January 2013. In the summer of 2013, OU Medical Center recommended a POMP treatment regimen to prevent a recurrence of cancer. This treatment was delayed by Defendants McCurdy, Houston, Fisher, and Johnston.

In September 2013, Mr. Steele complained of a knot on the back of his head. His complaints were ignored. No referral was made to diagnose the knot or provide treatment despite Mr. Steele's history of lymphoma. The knot eventually grew to the size of a tennis ball and caused him constant and severe pain.

---

[1] Dr. Ross Lane Fisher, Dr. Joel Brent McCurdy, Carl Bradley Johnston, II, and Dr. Michael Shawn Houston are collectively referred to herein as "Defendants."

[2] Both Motions to Dismiss raise substantially the same arguments and authorities as do both of Plaintiff's Responses and Defendants' Replies.

[3] In the background narrative, the Court has assumed the truthfulness of all well-pleaded facts in the Fourth Amended Complaint and draws all reasonable inferences therefrom in the light most favorable to Plaintiff. *Western Watersheds Project v. Michael*, 869 F.3d 1189, 1193 (10th Cir. 2017).

Mr. Steele was placed in isolation from October 27, 2013, until November 4, 2013. During this period in isolation, Mr. Steele was not treated for the knot on the back of his head or provided the medical treatment recommended by OU Medical Center to prevent the recurrence of cancer. After his release from isolation, Mr. Steele's cellmate noticed that he was very weak and had lost a substantial amount of weight. The cellmate placed Mr. Steele in a wheelchair and took him to the LARC medical unit for treatment. When he arrived at the unit, the medical staff told the cellmate that there was nothing wrong with Mr. Steele and to take him back to his cell. Pursuant to the medical staff's instructions, Mr. Steele was returned to his cell, where he died a few hours later.

Plaintiff alleges Mr. Steele was diagnosed with Lymphoma and the prison's medical staff failed to provide recommended treatment and ignored his obvious symptoms. She asserts claims for denial of due process under the Fourteenth Amendment to the U.S. Constitution and violations of the Eighth Amendment's prohibition against cruel and unusual punishment.

Defendants move to dismiss the case for failure to: (1) file her claims within the statute of limitations; (2) state a claim upon which relief can be granted by omitting facts indicating Defendants' personal participation in violation of Steele's Constitutional rights; (3) state a claim for violation of the Eighth Amendment as she does not recite facts indicating deliberate indifference; and, (4) state a claim for violation of the Fourteenth

Amendment as Defendants' actions were not "outrageous and shocking." Defendants also assert that they are entitled to qualified immunity.

## STANDARD OF DECISION

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679; *see Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (stating that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context") (internal quotation omitted). Therefore, *Iqbal* and *Twombly* provide "no indication the Supreme Court intended a return to the more stringent pre-Rule 8 pleading requirements." *also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

The Tenth Circuit has held that the *Iqbal*/*Twombly* pleading standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Khalik*, 671 F.3d at 1191 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). The pleader's allegations need only provide the "defendant fair notice of what the … claim is and the grounds upon which it rests." *Id*. at 1192 (quoting *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)) (internal quotations omitted). In ruling on a motion to dismiss a judge must accept all well-pled allegations as true and "may not dismiss on the ground that it appears unlikely the allegations can be proven." *Robbins*, 519 F.3d at 1247.

## DISCUSSION

In response to Defendants Motions to Dismiss, Plaintiff asserts: (1) the Fourth Amended Complaint relates back to her original Complaint and therefore her claims against Defendants are timely; (2) she has stated sufficient facts to support her claims; (3) that she withdraws her claim for violation of the Fourteenth Amendment; and, (4) Defendants are not entitled to qualified immunity. Because the Court finds that the Fourth Amended Complaint does not relate back to the original Complaint and Plaintiff's claims are therefore untimely, the Court need not address any other issues raised in Defendants' Motions to Dismiss.

Plaintiff brings her Eighth Amendment claim under 42 U.S.C. §1983.[4] "For section 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (quoting *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)). "Oklahoma law establishes a two-year statute of limitations period for tort actions." *Bolden v. City of Oklahoma City*, CIV-16-479-C, 2016 WL 4926211, at *2 (W.D. Okla. Sept. 15, 2016) (citing 12 Okla. Stat. § 95). Specifically, Okla. Stat. tit. 12 § 95(A)(3) requires that an action be brought within two years for "injury to the rights of another, not arising on contract, and not hereinafter enumerated."

Plaintiff's claim under the Eighth Amendment is based on Defendants' alleged "deliberate indifference to [Mr. Steele's] serious medical needs and by subjecting him to conditions that caused him extreme pain and suffering and compounded his medical problems so as to cause his death." Fourth Amended Complaint at ¶ 29. Defendants allegedly delayed treatment for Mr. Steele's lymphoma and disregarded: (1) his repeated reports of a lump on the back of his head which grew to the size of a tennis ball over the course of several months; (2) his weakened condition necessitating use of a wheel chair; and, (3) a loss of a substantial amount of weight. *Id*. at ¶¶ 11-17. This deliberate indifference occurred from December 2012 and continued until Mr. Steele's death on November 5, 2013. *Id*. at ¶¶ 2, 17.

---

[4] Because Plaintiff has withdrawn her Fourteenth Amendment claim only her Eighth Amendment claim remains.

6

Based on the alleged facts, the statute of limitations on Plaintiff's claims began to run on November 5, 2013, at the latest. Plaintiff timely filed this suit on November 5, 2015, against several named defendants and unnamed "John and Jane Does." Complaint [Doc. No. 1]. All of the named defendants from the initial Complaint and two subsequent amended complaints [Doc. Nos. 2 and 23] were dismissed on March 31, 2017. Order [Doc. No. 35] at 10. The remaining "John and Jane Doe" defendants were dismissed on January 31, 2018. Order [Doc. No. 40] at 3. On April 4, 2018, Plaintiff filed her Third Amended Complaint [Doc. No. 44] naming only "John and Jane Doe" defendants. Upon being granted leave to amend her complaint again, Plaintiff filed her Fourth Amended Complaint [Doc. No. 53] on July 2, 2018, naming the four Defendants who filed the instant Motions to Dismiss and twenty John and Jane Doe Defendants.

In this case, Plaintiff filed the Fourth Amended Complaint after the running of the statute of limitations. Therefore, the claims against the newly named Defendants are of no effect unless they relate back to the initial complaint. Pursuant to Fed. R. Civ. P. 15(c)(1), amendments relate back when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15. Substitution of named defendants for unknown "John Doe" defendants amounts to adding new parties. *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (citing *Watson v. Unipress, Inc.,* 733 F.2d 1386, 1389 (10th Cir.1984)). Thus, all requirements of Rule 15(c)(1)(C) must be met in order for Plaintiff's amended pleading to relate back to the date of the original. *See Garrett*, 362 F.3d at 696 (citing *Alexander v. Beech Aircraft Corp.,* 952 F.2d 1215, 1226–27 (10th Cir.1991)).

Defendants are named for the first time in Plaintiff's Fourth Amended Complaint. Defendants assert that the Fourth Amended Complaint does not relate back to Plaintiff's original pleading and therefore the claims against them are untimely. Plaintiff responds that her Fourth Amended Complaint relates back as Defendants: (1) received notice of the action such that they will not be prejudiced; and, (2) knew or should have known that the action would be brought against them but for a mistake concerning the parties' identity. Response [Doc. No. 58] at 4; Response [Doc. No. 65] at 5.

"Plaintiff must establish that the Added Defendants had notice of the action or knew or should have known that the action would have been brought against them **within the requisite time period under Rule 4(m)**" as required by Rule 15 (c)(1)(C). *Bishop v. Oklahoma ex rel. Oklahoma Dep't of Human Servs.,* CIV-13-171-D, 2014 WL 6306791, at *3 (W.D. Okla. Nov. 13, 2014) (emphasis added) (citing *Krupski v. Costa Crociere*

*S.p.A.*, 560 U.S. 538, 548, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010) ("Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period.") (emphasis in original)). Rule 4(m) provides a ninety (90) day period within which to serve defendants. Fed. R. Civ. P. 4(m). However, Rule 4(m) was amended to reduce "[t]he presumptive time for serving a defendant" from "120 days to 90 days," by the 2015 Amendments to the Federal Rules which became effective December 1, 2015. *See* Fed. R. Civ. P. 4(m) Advisory Committee's Note to the 2015 Amendment; Order of the Supreme Court of the United States Adopting and Amending Rules, April 29, 2015. Because Plaintiff's initial Complaint [Doc. No. 1] was filed prior to the effective date of the 2015 Amendment, the one hundred twenty (120) day deadline applies. Therefore, Plaintiff must show that the added Defendants had the requisite notice within one hundred twenty (120) days of the original Complaint filed on November 5, 2015, or by March 4, 2016. *See Autry v. Cleveland Cty. Sheriff's Dep't*, CIV-15-1167-D, 2018 WL 846093, at *7 (W.D. Okla. Feb. 12, 2018) (stating that party to be added must have received notice of the action within the period provided by Rule 4(m)); *Silva v. Ekis*, 15-3007, 2018 WL 1456523, at *3 (D. Kan. Mar. 23, 2018) (applying the pre-2015 Amendment Rule 4(m) period for service and stating that named parties to replace John Doe defendants must have received notice of the action within that period).

None of the four named Defendants in the Fourth Amended Complaint were named in the original or any amendment prior to Plaintiff's current pleading. The Fourth Amended Complaint was filed on July 2, 2018, nearly three years after the original Complaint was filed and more than two years after the applicable Rule 4(m) period ended.

9

Plaintiff presents no argument, authority, or evidence that the current named Defendants had notice of the claims contained in the original Complaint [Doc. No. 1]. Instead, Plaintiff asserts that notice of the lawsuit should be imputed to the Defendants because they will be represented by the same counsel as the prior Defendants and Plaintiff's failure to name them earlier amounts to a non-prejudicial mistake as contemplated by Rule 15(c)(1)(C). Response [Doc. No. 58] at 4, 5; Response [Doc. No. 65] at 5, 6. Plaintiff cites to no authority supporting this contention.[5] The Court finds that Plaintiff has failed to establish that Defendants, named for the first time in the Fourth Amended Complaint, had notice of the original Complaint as required for relation back pursuant to Rule 15(c)(1)(C)(i).

Further, the Tenth Circuit unequivocally determined in *Garrett* that "the mistake proviso" of Rule 15(c)(1)(C)(ii) "[was included] ... in order to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.'" *Garrett*, 362 F.3d at 696 (quoting *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir.1999) (internal quotations omitted) (alterations in original). The Circuit

---

[5] Plaintiff relies on *DaCosta v. City of New York*, 296 F. Supp. 3d 569 (E.D.N.Y. 2017), *reconsideration denied sub nom. DaCosta v. Tranchina*, 285 F. Supp. 3d 566 (E.D.N.Y. 2018) which contradicts Tenth Circuit law as cited herein. Even if *Dacosta* were authoritative on this issue, it is inapposite to the instant case. In *Dacosta*, the court found that counsel for the defense "did not adhere to its ethical and discovery obligations" in that the defendant city had requested multiple extensions to conduct an investigation into the claims until the limitations period expired and failed to comply with federal disclosure rules. *Id*. at 605. The *DaCosta* court found that because the city had "not complied with these obligations, it cannot assert the statute of limitations as a defense. Its conduct substantially contributed to plaintiff's failure to name the proper defendant prior to the expiration of the statute of limitations." *DaCosta*, 296 F.Supp.3d at 605. Plaintiff makes no such assertion in this case.

went on to hold that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule [15(c)(1)(C)(ii)]." *Garrett*, 362 F.3d at 696; *see also*, *Bell v. City of Topeka, KS*, 279 Fed. Appx. 689, 692 (10th Cir. 2008)). "A plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type Rule [15(c)(1)(C)] was meant to address." *Garrett*, 362 F.3d at 697 (alteration added); *see also*, *Silva*, 2018 WL 1456523 at *3) ("The Tenth Circuit's analysis on relation back [in *Garrett*] explicitly rejects the idea that naming a Doe defendant is a mistake").

Based on the Tenth Circuit's holding in *Garrett*, the Court finds that Plaintiff's misidentification of the correct defendants until the filing of her Fourth Amended Complaint is not a mistake contemplated by Rule 15(c)(1)(C)(ii).[6] Plaintiff has not demonstrated that these Defendants received notice of the action and knew or should have

---

[6] Plaintiff relies on the *DaCosta* court's reasoning that the identity of the correct defendant "is in the possession of the defendants, and many plaintiffs cannot obtain this information until they have a chance to undergo extensive discovery following the institution of a civil action." *DaCosta*, 296 F.Supp.3d at 594. Even if the Court were to accept this case as authoritative, the Court finds Plaintiff made no concerted effort to determine the identities of the correct defendants until after the expiration of the statute of limitations. Plaintiff acknowledges she did not seek medical records maintained by the State to determine the names of those responsible for implementing the POMP regimen until after the expiration of the statute of limitations in January 2016. Response [Doc. No. 58] at 5, 6; Response [Doc. No. 65] at 7. In addition, Plaintiff sought those records only through Open Records Act and FOIA requests rather than expedited discovery. *Id*. Plaintiff admits her first request for expedited discovery was included in a response to a motion to dismiss the Second Amended Complaint in 2016. *Id*. Plaintiff did not seek expedited discovery again until April 5, 2018. Motion to Serve by Alternative Means [Doc. No. 45] at 3.

known that the action would have been brought against them, but for a mistake concerning the proper party's identity as required by Rule 15(c)(1)(C).

Having failed to demonstrate all of the requirements of Rule 15(c)(1)(C), the Court finds that Plaintiff's Fourth Amended Complaint does not relate back to the date of the original and her claims must be dismissed as untimely. The Court also finds that, in light of the several previous amendments and the basis of the ruling herein, further amendment would be futile and, therefore, Plaintiff's claims will be dismissed with prejudice.[7]

## CONCLUSION

The Motion to Dismiss [Doc. No. 57] of Defendants Dr. Ross Lane Fisher and Dr. Joel Brent McCurdy, and the Motion to Dismiss [Doc. No. 61] of Defendants Carl Bradley Johnston, II, PA, and Dr. Michael Shawn Houston are **GRANTED** as set forth herein. A separate judgment will follow.

---

[7] The Court notes that because Defendants named in the Fourth Amended Complaint were not named in the original pleading, the Oklahoma Savings Statute, Okla. Stat. tit. 12 § 100, does not operate to render the claims against them timely. *See In Brown v. Hartshorne Public School District No. 1*, 926 F.2d 959, 962 (10th Cir. 1991), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (stating that because defendants named in the newly filed suit were not named in the prior action, the claims against them were untimely); *Nusbaum v. Knobbe*, 2001 OK CIV APP 52, ¶ 9, 23 P.3d 302, 304 ("*Brown* is consistent with Oklahoma case law regarding §100. In order for § 100 to apply, the refiled action must be based on the same cause of action as the originally filed action and must be against substantially the same parties."); *Morris v. City of Sapulpa*, 10-CV-0376-CVE-TLW, 2010 WL 3733527, at *5 (N.D. Okla. Sept. 17, 2010) (finding that "the inclusion of a broad entity as a defendant in an early [sic] proceeding will not provide a later justification for adding individual members of that body") (quoting *Nusbaum,* 23 P.3d at 305).

**IT IS SO ORDERED** this 28th day of March 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE